UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| J L COX, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-151 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING, AS MODIFIED, THE MEMORANDUM AND RECOMMENDATION TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

Pending before the Court is Plaintiff's Complaint for initial review under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(c). On July 15, 2013, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation to Dismiss Certain Claims and to Retain Case (D.E. 14). Plaintiff timely filed his Objections (D.E. 16) on July 22, 2013 under the title "Plaintiffs' 'Motion of Opposition to U.S. Magistrate Judges Decision to Dismiss Monetary Damages Against Clint Morris.'" Plaintiff raises a single objection: that his claim for damages against Clint Morris in his individual capacity should not have been dismissed.

Plaintiff is a TDCJ prisoner who has practiced a Native American religion, which includes pipe ceremonies, at least since 2008. Clint Morris is the TDCJ Program Analyst who was hired in May of 2009 with the responsibility to facilitate prisoners' practice of Native American religion, including recruiting volunteers and contract chaplains to preside over ceremonies. In support of his Objection, Plaintiff claims that TDCJ policy

permitted pipe ceremonies until a change in policy took effect in 2012. But when the ceremonies were still permitted, Clint Morris failed or refused to comply with the policy and arrange for pipe ceremonies, thus violating Plaintiff's rights under the First Amendment to the U.S. Constitution over a period of approximately three years.

Plaintiff notes that this Court has previously refused to dismiss a claim against Clint Morris under the identical theory at the Fed. R. Civ. P. 12(b) stage of another case. *See Davis v. Morris*, No. 2:12-cv-00166 (S.D. Tex. January 7, 2013) (D.E. 65, Memorandum and Recommendation of Magistrate Judge Ellington, adopted by Judge Nelva Gonzales Ramos in D.E. 80). The Court finds that, as further explained in his Objection, Plaintiff contends that Defendant Morris violated TDCJ policy from 2009 to 2012 by denying Plaintiff adequate personnel to preside over pipe ceremonies or otherwise preventing Plaintiff from engaging in pipe ceremonies. These allegations sufficiently state a cause of action against Defendant Morris in his individual capacity to survive the initial review under the PLRA. Plaintiff's objection is **SUSTAINED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **SUSTAINS** Plaintiff's Objection, **MODIFIES** the holdings of the Memorandum and Recommendation and, as modified, **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court: (1) **DISMISSES** Plaintiff's claims for

money damages against both Defendants in their official capacities as barred by the Eleventh Amendment; (2) **RETAINS** Plaintiff's First Amendment claim for money damages pursuant to 42 U.S.C. § 1983 against Defendant Clint Morris in his individual capacity; and (3) **RETAINS** Plaintiff's First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc claims for injunctive relief against both Defendants.

ORDERED this 11th day of September, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE