UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| J L COX, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-151 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING DFENDANT MORRIS' MOTION TO DISMISS

Pending is Defendant Clint Morris' Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 17). For the reasons stated herein, Defendant Morris' motion is denied.

**I.    Jurisdiction.**

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**II.    Procedural background.**

Plaintiff J. L. Cox is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently confined at the McConnell Unit in Beeville, Texas. On May 28, 2013, Plaintiff filed his original complaint challenging as unconstitutional certain TDCJ policies and practices that Plaintiff claims substantially interfere with his right to practice his Native American religion in violation of the statutory provisions of the Religious Land Use and Institutionalized Persons Act (RLUPIA), 42 U.S.C. § 2000cc, as well as in violation of the First Amendment. (D.E. 1).

Plaintiff named as Defendants the TDCJ-CID Director, William Stephens, and the Native American Program Analyst, Clint Morris.[1]  *Id.* at 3.  He originally sued both Defendants in their official and individual capacities for monetary damages, declaratory relief, and prospective injunctive relief.  *Id.*

On July 9, 2013, a *Spears*[2] hearing was conducted to afford Plaintiff an opportunity to better explain his claims.  Plaintiff testified that he has been in TDCJ custody since 1994, and he is serving three concurrent forty-year sentences.  Plaintiff's ancestors were Choctaw, and eight years ago, Plaintiff began practicing the Native American faith.[3] Tenets of his faith include: pipe ceremonies in which prayers are offered to the Creator; wearing a medicine bag or pouch at all times as protection from evil spirits; and growing and wearing long hair, to be cut only upon mourning.  Plaintiff testified that the TDCJ's grooming policy forbidding long hair substantially burdens his

---

[1] In addition to the instant action, there are currently pending in this Court two other §1983 prisoner civil rights actions brought by Native American plaintiffs, also confined at the McConnell Unit, challenging certain TDCJ policies and/or procedures as in violation of RLUIPA and/or the First Amendment.  Those cases are *Davis and Goodman v. Stephens, et al.,* Case No. 2:12-cv-166, and *Legate v. Stephens, et al.,* Case No. 2:13-cv-148.   In the *Davis/Goodman* case, the two plaintiffs allege RLUIPA violations and § 1983 free exercise claims against William Stephens, sued in his official capacity only, and a free exercise claim against Clint Morris in his individual capacity only.  (*See* Case No. 2:12-cv-166, Minutes Entry for 02/22/13).  In the *Legate* case, the plaintiff is suing William Stephens in his official capacity, alleging RLUIPA and free exercise claims.  (*See* Case No. 2:13-cv-148, D.E. 9, 12).

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] The Court acknowledges that neither the term "Native American faith" nor "Native American religion" adequately represents the defined belief system of this Plaintiff or any particular Native American practitioner because the faith itself encompasses a wide range of beliefs from different tribes and regions.  Yet a running similarity in the Native American faith system is the central relationship of human beings and their bodies to the land and nature.  *See Lyng v. Northwest Indian Cemetery Protective Ass'n,* 485 U.S. 439, 460-61 (1988) (J. Brennan, dissenting).

ability to practice his religious faith and is not the least restrictive means of achieving the TDCJ's valid penological security goals.  He argues further that not being able to wear his medicine bag at chow or at work also substantially burdens the practice of his faith, while numerous, less restrictive measures could achieve the same penological security objectives.  Finally, he contends that the pipe ceremonies have effectively become meaningless because inmates are prohibited from participating in a communal pipe or smoking their own personal pipe, but instead, must rely on the circle leader to release their prayers to the Creator.  Plaintiff argues that the TDCJ's purported health concern in prohibiting the pipe is not the least restrictive means of satisfying any legitimate penological interest and points out that the pipe ceremonies used to be allowed, with no negative incidents.

On July 15, 2013, Magistrate Judge Libby entered a Memorandum and Recommendation recommending that: (1) Plaintiff's First Amendment and RLUIPA claims be retained and service be ordered on William Stephens and Clint Morris in their official capacities; (2) Plaintiff's claims for money damages against Defendants in their official capacities be dismissed with prejudice as barred by the Eleventh Amendment; and (3) Plaintiff's First Amendment claims for money damages against Defendant Morris in his individual capacity be dismissed for failure to state a claim.  (D.E. 14).

On July 22, 2013, Plaintiff filed objections to the recommendation.  (D.E. 16).  In particular, Plaintiff argued that Defendant Morris' job as Program Analyst was to advocate for the religious rights of Native American prisoners, but he had personally failed to perform his job and in doing so, had personally violated Plaintiff's First

Amendment rights such that money damages against Morris in his individual capacity were warranted. *Id.* at 2.

On August 29, 2013, Defendant Morris filed the instant motion to dismiss. (D.E. 17).

On September 11, 2013, the Court adopted as modified the July 15, 2013 Memorandum and Recommendation. (D.E. 21). The Court retained Plaintiff's RLUIPA and First Amendment claims against both Defendants Stephens and Morris in their official capacities for declaratory and injunctive relief, and the Court dismissed with prejudice Plaintiff's claims for money damages against Defendants in their official capacities as barred by the Eleventh Amendment. *Id.* at 2-3. However, as to Plaintiff's First Amendment claims for money damages against Defendant Morris in his individual capacity, the Court declined to adopt the recommendation to dismiss those claims, but instead, found in favor of Plaintiff that he had stated cognizable § 1983 claims against Defendant Morris in his individual capacity, and retained those claims. *Id.*

## III.    Defendant Morris' Motion to Dismiss.

In his Motion to Dismiss (D.E.17), Defendant Morris makes two arguments. His first argument is that dismissal is warranted as to Plaintiff's claims against him for prospective and injunctive relief because Plaintiff has failed to overcome Morris' entitlement to Eleventh Amendment immunity, and therefore, there is no "case or controversy" to support federal court jurisdiction, rendering Plaintiff's RLUIPA and First Amendment claims for prospective injunctive and declaratory relief "jurisdictionally barred." (D.E. 17, p. 3). Defendant Morris' second argument is that, to the extent

4 / 8

Plaintiff can sue him in his official capacity for prospective injunctive relief, Plaintiff cannot prevail because Morris, as a "Program Supervisor III – Rehabilitation Programs Analyst," in the Rehabilitation Programs Division (RPD) of the TDCJ, has no authority to amend or ratify any TDCJ policy or to authorize any other person to act outside of existing policy.  (D.E. 17, p. 4).  Notably, Defendant Morris has not argued for dismissal of Plaintiff's § 1983 First Amendment claims for monetary damages against him in his individual capacity.

## IV.   Discussion.

Although Rule 12(b)(6) authorizes a defendant to move to dismiss a complaint for "failure to state a claim upon which relief may be granted," the district court must construe the complaint in a light most favorable to the plaintiff, and the allegations contained therein must be taken as true.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In the context of a defendant's motion to dismiss, the district court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. 2008).

Defendant Morris' motion to dismiss is redundant, confusing, and unnecessary. Indeed, via its § 1915A screening procedures and preliminary evaluation process, the Court has already addressed Eleventh Amendment immunity issues and dismissed with prejudice Plaintiff's claims for monetary damages against Defendant Morris and William Stephens in their official capacities. (*See* D.E. 21).

As to Defendant Morris' claim that he cannot be held liable in his official capacity for prospective relief, the Fifth Circuit has clearly noted that there is no decision holding "that RLUIPA's 'appropriate relief' language fails to confer an individual right to pursue declaratory and injunctive relief." *See Sossamon v. Lone Star State of Texas,* 560 F.3d 316, 327 (5th Cir. 2009). Plaintiff's RLUIPA and First Amendment claims for injunctive and declaratory relief against Defendant Morris in his official capacity are viable and clearly not subject to dismissal for "lack of case and controversy" as argued by Defendant Morris.

Similarly unpersuasive is Defendant Morris' argument that claims against him in his official capacity should be dismissed because "his official capacity is limited to the authorities and responsibilities of a Program Analyst assigned to the TDCJ Rehabilitation Division." (D.E. 17, p. 4). In this lawsuit as well as in *Davis*, Case No. 2:12-cv-166, the prisoner-plaintiffs each testified that Morris was responsible for developing the policies and procedures that governed the Native American religious programs at the McConnell Unit; that he failed to use his position to assist inmates in the practice of their faith; and his failure to develop and implement appropriate policies amounted to a denial of the plaintiffs' ability to exercise their religion. (*See* Case No. 2:12-cv-166, D.E. 65, p 2, 7).

Indeed in his own affidavit, Morris testifies that his job responsibilities include: (1) the monitoring and evaluation of Native American and Jewish programs at designated units; (2) the recruitment of volunteers and contract chaplains for Native American and Jewish programs; and (3) the development and drafting of policies and procedures under the direction of the RPD Manager III-Services.  (*See* D.E. 17-1, p. 1).  As in the pending *Davis* case also before this Court*,* Plaintiff Cox has alleged sufficient facts that, if true, state a First Amendment claim for denial of his right to practice his Native American religion against Defendant Morris in his official capacity for declaratory and prospective relief, as well as against Defendant in his individual capacity for monetary damages.

The Court notes that, in the *Davis* case, Case No. 2:12-cv-166, Defendant Morris moved to dismiss claims against him in his individual capacity, and his motion was denied.  (*Id.* D.E. 51, 80).  However, as to the plaintiffs' claims for declaratory and injunctive relief against Morris in his official capacity, Morris argued, as he does here that he had no authority to provide the relief requested by the plaintiffs, and that such relief could be provided by the co-defendant, then Rick Thaler, (and now, William Stephens in both actions), such that dismissal was appropriate.  Because both Stephens and Morris necessarily remain in the action, the Court need not determine whether one or both defendants are best able to fashion and enforce injunctive relief should plaintiff prevail.  Moreover, the ambiguity of Morris' motion to dismiss does not provide sufficient grounds for dismissing Morris in his official capacity.

## V.      Conclusion.

For the reasons stated herein, defendant Morris' motion to dismiss (D.E. 17) is

DENIED.

ORDERED this 22nd day of January, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE