UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

J L COX,                                          §
                                                  §
            Plaintiff,                            §
VS.                                               §   CIVIL ACTION NO. 2:13-CV-151
                                                  §
WILLIAM  STEPHENS, *et al*,                       §
                                                  §
            Defendants.                           §

## ORDER TO SHOW CAUSE

This is a prisoner civil rights action where Plaintiff J.L. Cox appearing *pro se* alleged certain policies and practices of the Texas Department of Criminal Justice conflicted with his right to practice his Native American faith in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*., and the First Amendment.  Summary judgment was entered against Plaintiff and Final Judgment was entered on April 17, 2015. (D.E. 58, 59).

On August 11, 2015, Plaintiff mailed a letter to the Clerk of Court titled "Plaintiff Cox's Motion to Proceed to Appeal to Court *In Forma Pauperis*."  (D.E. 60).[1]  The letter was docketed as an application to proceed *in forma pauperis*.  However, the undersigned notes Plaintiff has not filed a notice of appeal and the letter should also be construed as a notice of appeal.

---

[1] Because Plaintiff is in custody the mailbox rule applies. Fed. R. App. P. 4(c).

Plaintiff's decision to appeal appears untimely.  Under Rule 4(a) of the Federal Rules of Appellate Procedure, Plaintiff had 30 days, or until Monday, May 18, 2015, to file his Notice of Appeal.   Plaintiff did not request an extension to file a notice of appeal. Under Fed. R. App. P. 4(a)(5), the Court may grant a 30-day extension of time for filing a notice of appeal if the appellant establishes "good cause" or "excusable neglect." However, such a motion must be filed "no later than 30 days after the time prescribed by this Rule 4(a) expires." See Fed. R. App. P. 4(a)(5)(A)(i).  Therefore, the period within which the Court may grant an extension has also expired.  The provisions of Rule 4(a) are mandatory and jurisdictional.  *Matter of Eichelberger*, 943 F.2d 536, 540 (5th Cir. 1992).

Because Plaintiff's letter (D.E. 60), which is construed as a notice of appeal, was untimely the United States Court of Appeals for the Fifth Circuit lacks jurisdiction to hear his appeal.  *Barber v. Security Benefit Life Ins. Co.*, 936 F.2d 210, 211 (5th Cir.1991).

Therefore, Plaintiff is ordered to show cause on or before **August 28, 2015**, why his appeal should not be dismissed as untimely.  If Plaintiff seeks to pursue an appeal of his case, Plaintiff is further ordered to either pay the $505 appellate filing fee or submit a completed application to proceed *in forma pauperis* and a certified copy of his trust account statement on or before **August 28, 2015**. 28 U.S.C. § 1915(a)(2).   Plaintiff is cautioned failure to comply with this order will result in his application to appeal in forma pauperis (D.E. 60) being denied and his appeal will be dismissed.

The Clerk is directed to docket Plaintiff's letter titled "Plaintiff Cox's Motion to Proceed to Appeal to Court *In Forma Pauperis*" (D.E. 60) as a Notice of Appeal.  The

Clerk is further directed to send a copy of this order to Plaintiff along with an application to proceed *in forma pauperis* form.

ORDERED this 13th day of August, 2015.

Jason B. Libby
United States Magistrate Judge