UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| J L COX, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-151 |
| | § | |
| WILLIAM  STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S
APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Pending is Plaintiff's Motion for Leave to Appeal in Forma Pauperis.  (D.E. 65).

For the reasons set forth below, it is respectfully recommended Plaintiff's motion be

**DENIED** and the Court certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P.

24(a)(3) that the appeal is not filed in good faith.

**I.    BACKGROUND**

This is a prisoner civil rights action where Plaintiff J.L. Cox appearing *pro se*

alleged certain policies and practices of the Texas Department of Criminal Justice

conflicted with his right to practice his Native American faith in violation of the

Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc,

et seq., and the First Amendment.  Summary judgment was entered against Plaintiff and

Final Judgment was entered on April 17, 2015. (D.E. 58, 59).  On August 11, 2015,

Plaintiff mailed a letter to the Clerk of Court titled "Plaintiff Cox's Motion to Proceed to

Appeal to Court In Forma Pauperis." (D.E. 61).  The letter is construed as a notice of

appeal.  Plaintiff was ordered to either pay the $505.00 appellate filing fee or complete an application to proceed *in forma pauperis* and submit a certified copy of his inmate trust account statement.  (D.E. 62).  Plaintiff complied, although his inmate trust account statement is not legible.  Plaintiff was further ordered to show cause why his appeal should not be dismissed because his notice of appeal was untimely.  Plaintiff has not filed any explanation or otherwise shown cause why his appeal should not be dismissed as untimely filed.  Plaintiff was cautioned that failure to comply will result in his application to appeal *in forma pauperis* being denied and his appeal being dismissed.  (D.E. 62).

## II.    ANALYSIS

Plaintiff's notice of appeal is untimely.  Therefore, his application to proceed *in forma pauperis* is not taken in good faith and should be denied.  Under Rule 4(a) of the Federal Rules of Appellate Procedure, Plaintiff had 30 days, or until Monday, May 18, 2015, to file his Notice of Appeal.  Plaintiff did not request an extension to file a notice of appeal.  Under Fed. R. App. P. 4(a)(5), the Court may grant a 30-day extension of time for filing a notice of appeal if the appellant establishes "good cause" or "excusable neglect."  However, such a motion must be filed "no later than 30 days after the time prescribed by this Rule 4(a) expires." See Fed. R. App. P. 4(a)(5)(A)(i). Therefore, the period within which the Court may grant an extension has also expired.  The provisions of Rule 4(a) are mandatory and jurisdictional.  *Matter of Eichelbeger*, 943 F.2d 536, 540 (5th Cir. 1992).  Further, Plaintiff did not comply with the undersigned's order (D.E. 62) to show cause why his appeal should not be dismissed as untimely.

Because Plaintiff's notice of appeal (D.E. 61) was untimely, the United States Court of Appeals for the Fifth Circuit lacks jurisdiction to hear his appeal. *Barber v. Security Benefit Life Ins. Co*., 936 F.2d 210, 211 (5th Cir. 1991).

If the Court adopts this recommendation, Plaintiff should be advised of his right to appeal the denial of his application to proceed *in forma pauperis* on appeal.  Plaintiff may challenge the finding his appeal was not brought in good faith pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of the Court's order.

## III.    RECOMMENDATION

For the reasons set forth above, it is respectfully recommended Plaintiff's motion be **DENIED** and the Court certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that the appeal is not filed in good faith.

Respectfully submitted this 9th day of September, 2015.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).