UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| J. L. COX, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-151 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION TO
AMEND OR ALTER JUDGMENT**

Plaintiff J.L. Cox is a Texas inmate appearing *pro se* in this civil rights action. Pending is Plaintiff's Motion to Amend or Alter Judgment. (D.E. 78). For the reasons stated below, it is respectfully recommended that Plaintiff's motion for relief from the final judgment be **DENIED**.

**I.    BACKGROUND**

Plaintiff is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this civil rights action on May 28, 2013, challenging certain policies and practices of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). (D.E. 1). Specifically, Plaintiff claimed that these policies and practices conflict with his right to practice his Native American faith in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, and the First Amendment.

Plaintiff sought injunctive and declaratory relief against the TDCJ-CID, by and through Defendants in their official capacities only, to: (1) allow Plaintiff to wear long hair and/or a kouplock and not be required to keep it trimmed around the ears and neck as required by the TDCJ-CID grooming policy; (2) allow Plaintiff to wear his medicine bag at all times; (3) allow Plaintiff to possess his own personal prayer pipe and allow him to smoke it during sacred pipe ceremonies. (D.E. 1, pp. 6-7). Plaintiff also sued Clint Morris, the TDCJ-CID Native American Program analyst, in his individual capacity under the First Amendment, alleging that Defendant Morris personally violated Plaintiff's rights when he failed to provide sacred pipe ceremonies at the McConnell Unit prior to TDCJ-CID's ban on communal pipe smoking in July 2012. (D.E. 1, pp. 7-8).

On March 27, 2015, United States District Judge Nelva Gonzales Ramos granted Defendants' Motion for Summary Judgment by: (1) concluding that Plaintiff's RLUIPA and First Amendment claims are without merit; and (2) dismissing with prejudice Plaintiff's claims against Defendants in their official capacities and against Defendant Morris in his individual capacity. (D.E. 58). Final judgment was entered on April 17, 2015, and Plaintiff mailed his Notice of Appeal to the Court on August 11, 2015. (D.E. 59 and 61). Because Plaintiff's appeal was untimely filed, the District Judge denied his motion to proceed *in forma pauperis* on appeal. (D.E. 70). On September 30, 2016, the Fifth Circuit Court of Appeals likewise denied Plaintiff's motion to proceed *in forma pauperis* on appeal and dismissed for lack of jurisdiction Plaintiff's untimely appeal from the final judgment. (D.E. 77).

## II. MOTION FOR RELIEF FROM JUDGMENT

On April 10, 2017, the Court received Plaintiff's Motion to Amend or Alter Judgment. (D.E. 78). A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). Plaintiff has styled his motion as one arising under Federal Rule of Civil Procedure 59(e). However, because Plaintiff did not file his motion within 28 days after entry of final judgment, it is treated as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a Court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). This relief will be granted only if "extraordinary circumstances" are present. *Id*.

Plaintiff provides nothing in his motion to suggest an entitlement to relief under any of the Rule 60(b) provisions (1) through (5). Liberally construed, Plaintiff's motion

is based on the Court's equitable power in Rule 60(b)(6), which strives to strike a balance "between the desideratum of finality and the demands of justice." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981).

### III. ANALYSIS

In support of his motion for relief from judgment, Plaintiff references the Fifth Circuit Court of Appeals' recent decision in *Davis v. Davis*, 826 F.3d 258 (5th Cir. 2016), a case similar to Plaintiff's case. (D.E. 78, pp. 1, 3). Because the Fifth Circuit in *Davis v. Davis* vacated the grant of summary judgment on the RLUIPA kouplock grooming-policy claim and remanded that claim, Plaintiff contends that his case raising the same issue should be reconsidered with additional proceedings warranted. (D.E. 78, p. 3).

The Fifth Circuit decided *Davis v. Davis* on June 14, 2016, after the District Judge had entered summary judgment in the Defendants' favor. *Davis* involved a Texas inmate, Teddy Davis, of the Native American faith with claims similar to Plaintiff's. In *Davis*, the Fifth Circuit held that the District Court did not err in granting summary judgment on Davis's First Amendment claim, medicine-bag RLUIPA claim, and pipe ceremony RLUIPA claim. *Davis*, 826 F.3d at 266-67. However, the Fifth Circuit vacated and remanded Davis's kouplock grooming-policy RLUIPA claim for a number of reasons.[1] *Id.* at 267-72.

In reaching its decision, the Fifth Circuit relied, in part, on *Holt v. Hobbs*, 135 S. Ct. 853 (2015), where the Supreme Court held the Arkansas Department of Corrections'

---

[1] In reaching its decision, the Fifth Circuit in *Davis* relied, in part, on *Holt v. Hobbs*, 135 S. Ct. 853 (2015) where the Supreme Court held the Arkansas Department of Corrections' no-beard policy violated RLUIPA as applied to Holt. *Davis*, 826 F.3d at 270-72.

no-beard policy violated RLUIPA as applied to Holt. *Id.* at 270-72. Additionally, the Fifth Circuit found "genuine issues of material fact remain regarding the legitimacy of TDCJ's cost and security concerns created by the wearing of a kouplock by Plaintiffs as low risk Native American inmates, and further because the district court did not consider Plaintiff's grooming-policy claim in light of Plaintiff's individual circumstances." *Id.* at 272.

As further support for his motion, Plaintiff cites *Casey v. Davis, et al.*, No. 2:14-CV-13 (S.D. Tex. filed on Jan. 10, 2014) ("*Casey*"). (D.E. 78, p. 2). In *Casey*, which is another case involving a Texas inmate of the Native American faith, the District Judge granted the defendant's summary judgment in its entirety as to William Casey's claims seeking to: (1) grow his hair long and/or wear a kouplock; (2) wear his medicine bag at all times; and (3) possess and smoke a personal prayer pipe. (*Casey*, D.E. 58). The District Judge, based on *Casey's* similarity with *Davis v. Davis*, subsequently granted Casey's Rule 59(e) motion to alter or amend the judgment and vacated the grant of summary judgment only as to Casey's kouplock grooming-policy RLUIPA claim. (*Casey*, Doc. 68).

Despite the similarities between the claims brought in Plaintiff's case and the claims raised in both *Davis v. Davis* and *Casey*, Plaintiff has failed to demonstrate sufficient "extraordinary circumstances" to warrant Rule 60(b)(6) relief. First, the procedural posture of Plaintiff's case is readily distinguishable from the situation present in *Casey*. In *Casey*, the plaintiff filed his Rule 59(e) motion in a timely fashion following the District Court's grant of summary judgment on all of his claims, giving the District

Court an opportunity to evaluate his motion in light of the Fifth Circuit's *Davis v. Davis* decision. In contrast, Plaintiff presently seeks relief from judgment nearly two years following the entry of final judgment against him and over six months after the Fifth Circuit dismissed his untimely appeal for lack of jurisdiction. Plaintiff's actions stand in stark contrast to *Casey*, in which the plaintiff sought prompt reconsideration of the District Court's grant of summary judgment.

Next, under Rule 60(b)(6), "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is alone not grounds for relief from a final judgment." *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990). In granting Casey's Rule 59(e) motion, the District Court interpreted the *Davis v. Davis* opinion as clarifying "the manner in which Courts are to evaluate RLUIPA claims" to the extent that "there has been a substantial change in the law articulating the basis for the claim." (*Casey*, D.E. 68 at pp. 2-3). Plaintiff's primary reliance on the change in law articulated in *Davis v. Davis*, however, is not sufficient to warrant relief from the final judgment, especially when coupled with his failure to appeal his own case to the Fifth Circuit in a timely fashion.[2] Because he has failed to provide reasons sufficient to counterbalance the Court's interest in the finality of its final judgment, Plaintiff is not entitled to relief under Rule 60(b)(6).

---

[2] It is important to note that the Fifth Circuit in *Davis v. Davis* did not rule that Davis would prevail on his kouplock grooming-policy RLUIPA claim. Rather, the Fifth Circuit identified genuine factual disputes as to this claim which may necessitate a trial. If *Davis* ultimately succeeds on this claim at trial, Plaintiff either may benefit from a possible change in TDCJ-CID's grooming policy, depending on his particular individual circumstances, or otherwise may be in a better position to articulate his claim in a new civil rights action.

## IV. RECOMMENDATION

Accordingly, it is respectfully recommended that Plaintiff's Motion to Amend or Alter Judgment, construed as a Rule 60(b) motion for relief from judgment (D.E. 78), be **DENIED**

Respectfully recommended this 26th day of April, 2017.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).